UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RENE PEREZ and MARIA LOPEZ,                     CIVIL NO. 13-2437(JRT/JSM)

      Plaintiffs,

v.                                              <u>REPORT AND RECOMMENDATION</u>

BANK OF AMERICA, N.A.
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., and
MERSCORP, INC.,

      Defendants.

This matter came before the undersigned on defendants' Motion to Dismiss [Docket No. 6]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1(c). Pursuant to this Court's Order dated September 13, 2013 [Docket No. 12], this Report and Recommendation is being issued based on the parties' written submissions.

Plaintiffs seek to invalidate the foreclosure of the mortgage on their home. Plaintiffs assert three claims against defendants: (1) quiet-title, to determine adverse claims under Minn. Stat. § 559.01; (2) declaratory judgment; and (3) slander of title. For the reasons stated forth below, the Court recommends that defendants' Motion to Dismiss be granted and plaintiffs' claims be dismissed with prejudice.

## I.  BACKGROUND

On August 16, 2013, plaintiffs, sued defendants Bank of America, N.A., Mortgage Electronic Registration System, Inc., and MERSCORP, Inc. (collectively "defendants") in state court. Notice of Removal, Attach. 1 (Complaint) [Docket No. 1-1]. Defendants

removed the suit to federal district court on September 5, 2013.  Notice of Removal [Docket No. 1].

The facts bearing on defendants' motion to dismiss are as follows: On August 4, 2003,[1] plaintiffs executed and delivered a note to Home Town Mortgage, Inc. ("Home Town").  See Complaint [Docket No. 1-1], ¶ 6; Affidavit of Mark G. Schroeder [Docket No. 9] ("Schroeder Aff."), Ex. A (Note).   On the same day, plaintiffs executed and delivered a Mortgage in favor of Mortgage Electronic Registration System, Inc. ("MERS") as nominee for Home Town.  Complaint, ¶ 6, Ex. 1 (Mortgage); Schroeder Aff., Ex. B (same).  The Mortgage was recorded with the Scott County Recorder on September 8, 2008.  Id.  Plaintiffs claimed that Home Town securitized the Mortgage loan and then assigned the securitization rights to Countrywide Home Loans, Inc. ("Countrywide").  See Complaint, ¶ 11.

On February 9, 2006, Home Town drafted an Assignment of Mortgage from MERS, as nominee of Home Town, to Countrywide.   Complaint, ¶ 12, Ex. 2 (Assignment of Mortgage); Schroeder Aff., Ex. C (same).  Attorney Lawrence Wilford, an attorney with the law firm of Wilford & Geske, P.A., executed the Assignment of Mortgage as the Vice President of the MERS.  Id.  The assignment was recorded with the Scott County Recorder on February 15, 2006.  Id.

On February 10 and 21, 2006, James Geske, an attorney with Wilford & Geske, executed Notices of Pendency and Powers of Attorney empowering Wilford & Geske to foreclose on behalf of Countrywide, which Geske signed as the attorney-in-fact for Countrywide as to the February 21, 2006 Notice of Pendency and Power of Attorney.

---

[1]     The Complaint incorrectly states that the Note and Mortgage were executed on September 3, 2003.  Complaint, ¶ 6.

Complaint, ¶¶ 13, 14, Exs. 3 (2/10/06 NOP/POA), 4 (2/21/06 NOP/POA); Declaration of William Butler [Docket No. 14] ("Butler Decl.") Exs. 3-4 (same).

Plaintiffs alleged that there is no "of-record power" of attorney from Countrywide to Wilford & Geske in violation of Minn. Stat. § 580.05.  Complaint, ¶ 15.

On May 21, 2012, the Law firm of Shapiro & Zielke, LLP ("Shapiro") prepared and recorded an Assignment of Mortgage from Countrywide to Bank of America, NA ("BOA").  Id., ¶ 15, Ex. 5 (May 21, 2012 Assignment of Mortgage); Schroeder Aff., Ex. E (same).  Lewis Wilson, III, executed the Assignment of Mortgage, as the Assistant Vice President of Countrywide.  Id.  The assignment was recorded with the Scott County Recorder on May 30, 2012.  Id.

On October 22, 2012, BOA recorded a June 5, 2012 Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage with the Scott County Recorder, in which Phiachita Price, Assistant Vice-President of BOA, authorized Shapiro to foreclose the Mortgage by advertisement.  See Complaint, Ex. 6 (June 5, 2012 NOP/POA); Schroeder Aff., Ex. F (same).

BOA, through Shapiro, noticed a sheriff's sale for the Property, which was first published on October 25, 2012.  Complaint, Ex. 7 (Sheriff's Certificate of Sale and Foreclosure Record); Schroeder Aff., Ex. G (same).  Several  Notices of Postponement of Mortgage Foreclosure were also published—the last Notice of Postponement was published on March 6, 2013, which noticed the sale for May 9, 2013.  Id.  The sheriff's sale for the Property occurred on May 9, 2013.  Id.  Shapiro appeared on behalf of BOA at the sheriff's sale, and exercised the power of the sale clause in the Mortgage by

bidding the amount owed to BOA.  Id.  A Sheriff's Certificate of Sale and the foreclosure record was recorded in the Scott County Office of the Recorder.  Id.

Plaintiffs alleged that they did not owe anything at the date of the Sheriff's Sale, as BOA was not the note holder, or servicer acting at the express direction of the note owner on the date of the sheriff's sale.  See Complaint, ¶ 17.  According to plaintiffs, neither the February 9, 2006 nor the May 21, 2012 Assignments of Mortgage transferred an interest in the Note.  Id.

Plaintiffs claimed that on or about April 13, 2011, BOA entered into a Consent Order with the Officer of Comptroller of the Currency in which BOA did not contest that it had engaged in a variety of "unsafe and unsound" banking practices in conducting foreclosures.  Id., ¶¶ 22-23.

Plaintiffs contended that the foreclosure in this case was improper because (1) there is no of-record evidence of Wilford's authority to execute the February 9, 2006 Assignment of Mortgage in violation of Minn. §§ 580.05 and 507.413; (2) there is no "of-record" evidence that Wilford & Geske was the attorney-in-fact for Countrywide on February 10, 2006, when Wilford & Geske recorded the February 10 and 21, 2006 Notices of Pendency and Powers of Attorney; (3) Lewis Wilson, III did not have the legal authority to execute the May 21, 2012 Assignment of Mortgage at the time it was executed; (4) Phiachita Price, Assistant Vice-President of BOA, did not have the legal authority to empower Shapiro & Zielke to prosecute the foreclose at the time she executed the June 5, 2012 Notice of Pendency and Power of Attorney; and (5) the loan is securitized and there are unrecorded assignments of the Mortgage to and from the parties to the securitization.  Id., ¶¶ 26, 27.

4

Plaintiffs alleged the following causes of action:

In Count I, Determination of Adverse Claims, Minn. Stat. § 559.01, plaintiffs asserted a quiet title action seeking a determination regarding defendants' adverse interest in the Property.  Id., ¶¶ 28-38.  According to plaintiffs, in a quiet title action, the burden of proof is on the mortgagee asserting an adverse interest in the Property and defendants must prove their title to the Mortgage by preponderance of the evidence. Id., ¶¶ 30-33, 37.

In Count II, plaintiffs sought a declaratory judgment under Minn. Stat. § 555.02 that BOA's interest in the Property and Mortgage is void; the foreclosure is void; and that plaintiffs remain the owners of the Property.  Id., ¶¶ 39-41.

In Count III, alleging slander of title, plaintiffs asserted that defendants drafted and recorded documents that were false and not executed by legally authorized persons, and that defendants knew or should have known that the documents were false. Id., ¶¶ 42-46.

As relief, plaintiffs sought: (1) a determination of adverse interest in the Property; (2) a declaration that the Sheriff's Certificate of Sale, the various assignments of mortgage, notices of pendency, and powers of attorney were all void; (3) a declaration that plaintiffs remained the owner of the Property in fee title; and (4) money damages. Id., Prayer for Relief.

Defendants moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, contending that plaintiffs' quiet title and slander of title claims failed because their allegations that every relevant mortgage-related document was executed without authority and there are missing mortgage assignments, were

conclusory and without support of facts and the law.  Id., pp. 10-13, 19.  Additionally, defendants submitted that plaintiffs lacked standing to challenge the foreclosure because they were not parties to the assignments, and that plaintiffs' quiet title claim is barred by the doctrine of unclean hands.  Id., pp. 12-15.  As for the declaratory judgment count, because plaintiffs' substantive claims failed, defendants argued this claim must also be dismissed.  Id., pp. 16-17.

## II.   STANDARD OF REVIEW

In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaints must be taken as true.  Ashley County, Ark. V. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009).  In addition, a court must afford the plaintiff all reasonable inferences from those allegations.  Blanjkenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010).  At the same time, to withstand a motion to dismiss under Rule 12(b)(6), litigants must properly plead their claims under Rule 8 of the Federal Rules of Civil Procedure and meet the principles articulated by the United States Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading standard articulated by Rule 8 "does not require detailed factual allegations, but it [does demand] more than a unadorned, the-defendant-unlawfully-harmed-me-accusation."  Iqbal, 556 U.S. at 678 (internal quotation marks and citations omitted).  A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

Id. (quoting Twombly, 550 U.S. at 555).   Thus, to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   Id. (quoting Twombly, 550 U.S., at 570).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Id. at 677 (quoting Twombly, 550 U.S. at 556).   "[T]he plausibility standard, which requires a federal court complaint to 'state a claim for relief that is plausible on its face, . . . asks for more than a sheer possibility that a defendant has acted unlawfully."   Ritchie v. St. Louis Jewish Light, 630 F.3d 713, 717 (8th Cir. 2011) (internal quotation and citation omitted).   "Determining whether a complaint states a plausible claim for relief will, . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   Iqbal, 556 U.S. at 679.

As a general rule, the Court may not consider materials "outside the pleadings" on a motion to dismiss, without converting the motion to dismiss to a motion for summary judgment.   Fed. R. Civ. P. 12(d).   "The court, however, 'may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings,'" without converting the motion into one for summary judgment.   See Little Gem Life Sciences, LLC v. Orphan Medical, Inc., 537 F.3d 913, 916 (8th Cir. 2008) (quoting Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (internal citation and punctuation omitted).); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003).

With these standards in mind, the Court turns to the defendants' motion to dismiss.

## III.   DISCUSSION

### A.   Quiet Title

In Minnesota, "[a]ny person in possession of real property personally. . . may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. § 559.01.

In response to defendants' motion to dismiss the quiet title claim, plaintiffs first contended that all they had to plead under Minnesota law was that they were in possession of the Property and defendants had a claim adverse to them.[2]   Plaintiffs'

---

[2]      The Minnesota Court of Appeals has rejected plaintiff's argument that a quiet title claim premised solely on allegations that she was in possession of the Property and defendants had a claim adverse to her states a cause of action under Minnesota law.   In a case similar to the instant suit and relying on the standards for pleading articulated in Twombly, the Court of Appeals stated:

> In their amended complaint, appellants summarily claim that they are in possession of their respective properties and that Deutsche Bank's mortgage liens are invalid.   Their only argument in this appeal is that these summary allegations are sufficient to overcome a motion to dismiss.   We disagree.
>
> Adopting appellants' position would mean that quiet-title claims will never be dismissed when merely the two facts of possession and invalid mortgage lien are alleged, without regard for how these facts would give rise to an entitlement to relief. This result undermines the court's duty to determine "whether the complaint sets forth a legally sufficient claim for relief." See Hebert [v. City of Fifty Lakes, 744 N.W.2d 226, 229 (Minn.2008)]. Beyond the summary facts alleged, appellants must present more than just labels or conclusions in their complaint to survive a motion to dismiss.

Memorandum in Opposition to Motion to Dismiss ("Pls.' Mem."), pp. 7-9 [Docket No. 16]. Plaintiff also maintained that as defendants had the burden of proof with respect to their quiet title claim, the federal rules could not be applied in a manner that denied their state substantive rights. Id., pp. 9-10.

The position urged by plaintiffs – that this Court should apply the Minnesota state court pleading standards to their quiet title claim – is meritless.   Plaintiffs' former counsel[3] has made this exact argument in the past and the Eighth Circuit could not have been more emphatic in its response: "[w]e apply federal pleading standards— Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law."  Karnatcheva v. JP Morgan Chase Bank, NA, 704 F.3d 545, 548 (8th Cir. 2013), cert. denied, 134 S.Ct. 72 (2013); see also Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1257 (8th Cir. 2013) (quoting Karnatcheva; Novak v. JP Morgan Chase Bank, 518 F. App'x 498, 501 (8th Cir. 2013) (quoting Karnatcheva)); Gharwal v. Federal Nat'l Mortg. Ass'n, Civ. No. 13-685 (PJS/JSM), 2013 WL 4838904, at *2 (D. Minn. Sept. 11, 2013) (noting that the Eighth Circuit has "squarely and repeatedly rejected" this argument).

In addition, the Eighth Circuit has settled the "burden of proof" argument advocated by plaintiffs.  See Karnatcheva, 704 F.3d at 548.  As the court explained in Gharwal:

---

Mutua v. Deutsche Bank Nat. Trust Co., No. A13–0498, 2013 WL 6839723, at *2 (Minn. Ct. App. Dec. 30, 2013).

[3]     Plaintiffs' counsel, William Butler, was suspended from practice in this District after the initiation of the present action.  See January 29, 2014 Order [Docket No. 17].

> Karnatcheva rejected that [burden of proof] argument, specifically holding that § 559.01 and the other authority on which [plaintiff] relies 'are not state substantive standards that govern the success of a quiet title claim.  Karnatcheva, 704 F.3d at 548.  Whether or not the Eighth Circuit's holding was "error" is not for this Court to decide; Karnatcheva is binding precedent, and this Court must apply it.  The Court notes, however, that although he was addressing a different issue, plaintiff's counsel himself[4] has conceded in the past "that, under Fed. R. Civ. P. 11, a quiet-title claim must be supported by an objectively reasonable basis for believing that the defendant's asserted interest in the property is invalid."  Welk v GMAC Mortg., LLC, 850 F.Supp.2d 976, 988 (D. Minn. 2012), aff'd, 720 F.3d 736 (8th Cir. 2013).  Here, plaintiffs quiet title claims are based only on conclusory statements and speculation, but no facts.  The claim fails under Rule 12(b)(6).

2013 WL 4838904, at *3.

Thus, this Court has reviewed plaintiffs' quiet title claim applying the standards governing Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

Mere allegations of plaintiffs' possession of the Property and conclusory statements that defendants' adverse claims are invalid are insufficient to state a claim for relief.  See Karnatcheva, 704 F.3d at 548 (affirming the district court's dismissal of the plaintiff's quiet-title claim "because the plaintiff's pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid."); Yang Mee Thao-Xiong v. American Mortg. Corp., Civil No. 13-354 (MJD/TNL), 2013 WL 3788799, at *4 (D. Minn. July 18, 2013) (quoting Novak v. JP Morgan Chase Bank, N.A., Civ. No. 12-589 (DSD/LIB), 2012 WL 3638513, at *4 (D. Minn. Aug. 23, 2012), aff'd, 518 F. App'x 498 (8th Cir. 2013)) (finding

---

[4]  Both Gharwal and Karnatcheva were represented by Butler.

that plaintiffs "'must state facts sufficient to allow the court to draw the reasonable inference that . . . she is in possession and that a defendant claims a right or title to the property, but has no such right or title.'").

In addition, plaintiffs' argument that the foreclosure is void because there is no "of record" evidence of the individuals' or entity's power to execute the assignments of mortgage or foreclosure-related documents as required by Minn. Stat. §§ 580.05 and 507.413, (Complaint, ¶¶ 15, 26; Pls.' Mem., p. 12), is meritless.

In order to foreclose a mortgage by advertisement, the foreclosing party must meet the mandatory requirements prescribed by the foreclosure by advertisement statutes. Jackson v. Mortgage Electronic Registration Systems, Inc., 770 N.W.2d 487, 495 (Minn. 2009). In this regard:

> Section 580.02 contains three requirements that must be met before a mortgagee can foreclose by advertisement:
>
> (1) that some default in a condition of such mortgage has occurred, by which the power to sell has become operative;
>
> (2) that no action or proceeding has been instituted at law to recover the debt then remaining secured by such mortgage ...
>
> (3) that the mortgage has been recorded and, if it has been assigned, that all assignments thereof have been recorded....

Id. at 496 (quoting Minn. Stat. § 580.02).

Minn. Stat. § 580.05 governs the recording of mortgage assignments by an attorney at law. It provides:

> When an attorney at law is employed to conduct such foreclosure, the authority of the attorney at law shall appear by power of attorney executed and acknowledged by the mortgagee or assignee of the mortgage in the same manner

as a conveyance, and recorded prior to the sale in the county where the foreclosure proceedings are had. If such attorney be employed on behalf of such mortgagee or assignee by an attorney in fact, the attorney's authority shall likewise be evidenced by recorded power.

Minn. Stat. § 580.05.

Minn. Stat. § 507.413 states:

(a)     An assignment, satisfaction, release, or power of attorney to foreclose is entitled to be recorded in the office of the county recorder or filed with the registrar of titles and is sufficient to assign, satisfy, release, or authorize the foreclosure of a mortgage if:

(1) a mortgage is granted to a mortgagee as nominee or agent for a third party identified in the mortgage, and the third party's successors and assigns;

(2) a subsequent assignment, satisfaction, release of the mortgage, or power of attorney to foreclose the mortgage, is executed by the mortgagee or the third party, its successors or assigns; and

(3) the assignment, satisfaction, release, or power of attorney to foreclose is in recordable form. . . . .

Called "the MERS statute," Minn. Stat. § 507.413 is a recording statute that creates no obligations and does not change the requirements of the foreclosure by advertisement statute; "rather, it uses recording to resolve disputes between parties who have no contractual relationship, but who lay claim to the same title." Jackson, 770 N.W.2d at 494 (citation omitted).

Reading all of these statutes together, it is evident that there is no legal requirement that the origin of an individual's or entity's "authority" must be recorded in order to render the foreclosure of a mortgage valid.

First, "[s]ection 580.02 is strictly construed, and a foreclosing party must demonstrate "exact compliance" with the statute's requirements."  Beecroft v. Deutsche Bank Nat. Trust Co., 798 N.W.2d 78, 83 (Minn. Ct. App. 2011), rev. denied (July 19, 2011) (quoting Jackson, 770 N.W.2d at 494).  "Absent strict compliance with section 580.02, the foreclosure proceeding is void."  Id. (citing Jackson, 770 N.W.2d at 494).

Second, "[t]he purpose of the statutory recording requirements is to ensure that a mortgagor has notice and an opportunity to redeem."  Beecroft, 798 N.W.2d at 83 (citing Jackson, 770 N.W.2d at 495).  Therefore, "the plain language of section 580.02 requires only that the mortgage and any assignment of the mortgage be recorded to entitle a mortgage assignee to foreclose by advertisement," and nothing more.  Id.

Third, there is nothing in Minn. Stat. § 507.413, § 580.02, § 580.05 or in any other statute that requires that the recording of the source of the authority to execute an assignment of mortgage or the authority to execute foreclosure-related documents by an attorney-in-fact.  See Beecroft, 798 N.W.2d at 83 ("Indeed, Minnesota courts have recognized that the power to execute an assignment by an attorney in fact need not be recorded to satisfy the foreclosure-by-advertisement statute."); at 84 ("Applying the plain language of section 580.02, we conclude that there is no requirement to record the instruments authorizing Citi Residential to act as Ameriquest's attorney in fact for mortgage assignments and memorializing the election of the special officers to execute the mortgage assignment for Citi Residential on behalf of Ameriquest.  Only the Beecroft mortgage and Ameriquest's assignment of the Beecroft mortgage to Deutsche Bank by Ameriquest's attorney in fact are required to be recorded."); Molde v. CitiMortgage, Inc., 781 N.W.2d 36, 43 (Minn. Ct. App. 2010) (holding that "a document

evidencing the authority of an attorney-in-fact to initiate a foreclosure by advertisement" need not be recorded in the tract index against the property); Yang Mee Thao-Xiong, 2013 WL 3788799, at *3 ("Moreover, there is no evidence that the assignment of the mortgage lacked proper authority under Minn. Stat. § 507.413.  Plaintiff argues that § 507.413 requires that a power of attorney be recorded prior to commencing a non-judicial foreclosure.   By its plain language, however, § 507.413 contains no such requirement. Furthermore, § 507.413 has never been interpreted to require such.").

In sum, this Court concludes that the "strict compliance" standard applied by the Minnesota courts to the statutes governing foreclosures by advertisement extends only to the recording of mortgages, assignments of mortgages and the power to conduct foreclosure-related proceedings, and no more.

Further plaintiffs' speculative claims regarding Lewis Wilson, III's lack of legal authority to execute the May 21, 2012 Assignment of Mortgage at the time it was executed, and Phiachita Price's lack of authority lack of authority to execute the June 5, 2012 Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage on behalf of BOA, (Complaint, ¶ 26), "do not hold up to even the slightest scrutiny." Simmer v. HSBC Bank, Civ. No. 13–1549 (DSD/AJB), 2013 WL 6244710, at *3 (D. Minn. Dec. 3, 2013) (plaintiffs' allegations regarding individuals' alleged lack of authority to sign Notices of Pendency and Powers of Attorney failed because the allegations are "merely conclusory assertions without any factual allegations to support them."); Segura v. Federal Nat'l Mortg. Ass'n, Civ. No. 13–531(SRN/JJK), 2013 WL 3034096, at *2 (D. Minn. June 17, 2013) (rejecting the "contention that nearly every individual who signed a document in support of the foreclosure did not have the authority to do so" as

"implausible and speculative, just the sort of 'vague claims' that have been rejected repeatedly by courts in this District and by the Eighth Circuit Court of Appeals.") (citing Mine v. Federal Home Loan Mortg. Corp., Civ. No. 13–220 (ADM/JSM), 2013 WL 2443852, at *4 (D. Minn. June 5, 2013) (Montgomery, J.); Welk v. Federal Nat'l Mortg. Ass'n, Civ. No. 12–2864 (SRN/TNL), 2013 WL 2155463, at *4 (D. Minn. May 17, 2013) ("[Plaintiff] insists that the individual who signed the assignment to Wells Fargo and the individual who signed the power of attorney allowing Wells Fargo to institute foreclosure proceedings did not have the authority to do so, and that the law firm and Trisko knew that the individuals had no authority but proceeded with the foreclosure anyway. But there are no facts of any kind—no evidence pled supporting these allegations."); Stilp v. HSBC Bank USA, N.A., Civ. No. 12–3098 (ADM/JJK), 2013 WL 1175025, at *4 (D. Minn. Mar. 20, 2013), aff'd, 2013 WL 5340399, at *3 (8th Cir. Sept. 25, 2013) ("Plaintiffs plead upon information and belief that all individuals executing assignments of mortgage and power of attorney lack legal authority to do so. Plaintiffs believe the individuals executing assignments and POAs are employed by organizations other than the ones on whose behalf they have signed.... Even if the individuals do work for other organizations, it does not mean that they could not also work for or be hired as agents on behalf of different clients. Absent even an iota of evidence of fraud, these are conclusory allegations which do not state a claim for which relief may be granted.") (citations omitted).

Additionally, even if there was any truth to plaintiffs' unsupported statements about entities' and individuals' lack of authority to execute the Assignments of Mortgage or the foreclosure-related documents, plaintiffs suffered no injury in fact as a result and

therefore, lack standing to pursue a quiet title claim on this basis.  See Pope v. Federal Home Loan Mortg. Corp., Civ. No. 12-3094 (SRN/JJG), 2013 WL 2251001, at *3 (D. Minn. May 22, 2013) ("Mr. Butler has insisted for more than two years that the individual named in this and many other complaints, a Ms. China Brown, lacked legal authority to sign on behalf of Wells Fargo.  He has yet to produce any evidence in support of this speculative assertion.  But even if Ms. Brown did not have the authority to bind Wells Fargo, then whatever harm caused by that lack of authority is harm to Wells Fargo, not to the Popes or any other borrower. . .[t]hus, even assuming that Ms. Brown was not authorized to sign the documents she signed, the Popes have suffered no harm as a result and do not have standing to challenge her alleged lack of authority.") (internal citation omitted); Kaylor v. Bank of Am., N.A., Civ. No. 12-1586 (DSD/SER), 2012 WL 6217443, at *5 (D. Minn. Dec. 13, 2012) (finding that even if individual who effectuated the assignment of the mortgage did not have authority to do so, homeowners not a party to the mortgage assignment had no standing to challenge the assignment.); Forseth v. Bank of Am., N.A., Civ. No. 13-38 (SRN/TNL), 2013 WL 2297036, at *5 (D. Minn. May 24, 2013) ("The allegations regarding unauthorized signatures on every document related to the foreclosure process for the Forseths' mortgage are similarly implausible and pure speculation.  But even if the signatures were unauthorized, the harm caused by the lack of signing authority is harm to MERS or BAC, in the case of Mr. Bruns, or BAC/Bank of America or Fannie Mae in the case of Mr. McDaniel and Ms. Girvan.  There is no allegation in the Amended Complaint that any of these individuals falsely initiated foreclosure proceedings against the Forseths' property, and the documents in the public records belie such a claim in any event.  The Forseths

defaulted on their mortgage by not making payments as they promised. Even if all three of these individuals lacked signing authority, as the Forseths claim, they have suffered no injury as a result and therefore have no standing to pursue their claims.") (citations omitted); Sovis v. Bank of New York Mellon, Civ. No. 11-2253 (DWF/LIB), 2012 WL 733758, at *4-5 (D. Minn. Mar. 6, 2012) (finding that general allegations that defendants unlawfully foreclosed on plaintiff's home pursuant to a series of invalid assignments of mortgage, "cannot furnish the causal nexus necessary to establish standing to assert her claims."); Gerlich v. Countrywide Home Loans, Inc., Civ. No. 10-4520 (DWF/LIB), 2011 WL 3920235, at *2 (D. Minn. Sept. 7, 2011) (borrower lacks standing to challenge assignment of mortgage); Kebasso v. BAC Home Loans Servicing, LP, 813 F. Supp.2d 1104, 1113 (D. Minn. 2011) (finding that mortgagors, lacked standing to challenge the defendants' authority to foreclose, as "'any disputes that arise between the mortgagee holding legal title and the assignee of the promissory note holding equitable title do not affect the status of the mortgagor for purposes of foreclosure by advertisement.' The court reaffirmed the principle that 'legal and equitable title can be separated' and if a dispute arises between the holder of legal and equitable title with respect to foreclosure, '[i]t is a matter between them alone, and does not concern the mortgagor,' and such a transaction does "not affect the interests of the mortgagor, and he could not object.'") (quoting Jackson, 770 N.W.2d at 500).

Plaintiffs' claims regarding the alleged securitization of the mortgage are also meritless.   To begin with, the entire claim consisted of a single sentence: "The foreclosure is also void because the loan is securitized and there are unrecorded assignments of mortgage to and from the parties to the securitization."  Complaint, ¶ 27.

Plaintiffs provided no facts to support this alleged securitization.  This is the sort of "naked assertion" was rejected by Iqbal,  556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.").   But even assuming the Mortgage was securitized, plaintiffs lack standing to challenge their foreclosure on that basis because they are not a party to or third party beneficiary of the trust agreement.  Karnatcheva, 704 F.3d at 547.

Further, plaintiffs' contention that BOA did not hold the note at the time of the foreclosure, (Complaint, ¶ 17), is irrelevant, unless of course, this Court were to accept (which it will not) the discredited "show me the note" theory plaintiffs' former counsel has posited many times over.  See, e.g., Butler v. Bank of America, N.A., 690 F.3d 959, 962 (8th Cir. 2012) (the "show me the note" argument "is foreclosed by the plain language of Minnesota's foreclosure statute); Ebbighausen v. JP Morgan Chase Bank, N.A., Civ. No. 10-3120 (JRT/LIB), 2013 WL 53836, at *7 (D. Minn. Jan. 3, 2013) ("the law of this Circuit clearly establishes that different entities can hold the promissory note and legal title to the mortgage, and that the holder of legal title to the mortgage need not possess the promissory note before it can institute foreclosure by advertisement.") (citing Stein v. Chase Home Fin. LLC, 662 F.3d 976, 979-980 (8th Cir. 2011), citing Jackson, 770 N.W.2d at 489-501)).

Finally, as defendants argued, a quiet title action is a proceeding in equity and as such, a plaintiff who seeks to quiet title must come to court with clean hands.  Haubrich v. U.S. Bank Nat'l Ass'n, Civ. No. 12-565 (DSD/TNL), 2012 WL 3612023, at *3 (D. Minn. Aug. 21, 2012), aff'd, 720 F.3d 979 (8th Cir. 2013); see also Yang Mee Thao-Xiong,

2013 WL 3788799, at *4 (plaintiff's unclean hands in defaulting on her mortgage prevented her from seeking equitable relief); Stilp, 2013 WL 1175025, at *4 ("Plaintiffs defaulted on their mortgage loan over four years ago.  They seek to declare their mortgage invalid after defaulting; as such, they come to the present case with unclean hands.") (citation omitted).

Having defaulted on their Mortgage, plaintiffs come to Court with unclean hands and are precluded from pursuing a quiet title claim.  Novak, 2012 WL 3638513, at *4 (citing Santee v. Travelers Ins. Co., 275 N.W. 366, 368 (Minn. 1937)) (finding that the plaintiffs had unclean hands because they were in default on their mortgage and, therefore, that they could not state a quiet title claim), aff'd, 518 F. App'x 498 (8th Cir. 2013).

For all the reasons stated above, the Court finds that defendants' motion to dismiss the quiet title action against them should be granted.

## B.   Slander of Title

To state a claim for slander of title, a plaintiff must allege facts that show: (1) there was a false statement concerning the real property owned by the plaintiff; (2) the false statement was published to others; (3) the false statement was published maliciously; and (4) the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages.  Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000) (citation omitted).  To plead malice, plaintiff "must raise factual allegations sufficient to create a plausible claim that at least one of the [ ] parties acted with a reckless disregard for the truth, 'despite a high degree of awareness of probable falsity.'"  Dunbar, 709 F.3d at 1258 (quoting Brickner v. One

Land Dev. Co., 742 N.W.2d 706, 711 (Minn. Ct. App. 2007)); see also Quevli Farms, Inc. v. Union Sav. Bank & Trust Co., 178 Minn. 27, 226 N.W. 191, 192 (Minn. 1929) (concluding that to be a malicious statement, it must be a "groundless disparagement of the plaintiff's title or property . . . made without probable cause."). The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title. Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (Minn. 1920).

Plaintiffs responded to defendants' motion to dismiss their slander of title claim by merely stating the elements for the claim and restating the allegations from the Complaint. Pls.' Mem., pp. 19-20. The Court finds the claim must be dismissed because plaintiffs have alleged no facts from which this Court could infer that defendants made a false statement, acted maliciously or that plaintiffs suffered any pecuniary loss from a publication concerning title to his property. See Ko, 2013 WL 4052680, at *4 ("Ko alleges that Shapiro drafted and recorded documents that it knew were false because they were executed without the proper authority. But Ko fails to allege that Shapiro acted with malice. Because Ko fails to allege malice, he has not stated a claim for slander of title, and this claim will be dismissed.") (internal citation omitted); Lara v. Federal Nat. Mortg. Ass'n, Civil No. 13–676 (SRN/AJB), 2013 WL 3088728, at *3 (D. Minn. June 18, 2013) (dismissing slander of title claim based on allegation that individuals signing documents lacked authority to do so and stating "[plaintiffs pleaded no plausible facts to support their allegations regarding signing authority.").

Additionally, even assuming that documents recorded as to the Property are technically false, this does not amount to a cloud on the title of the Property where plaintiffs have clouded the title based on their default.  Pope, 2013 WL 2251001, at *4 ("An unauthorized assignment may be technically false, but it does not cloud the title to property on which the mortgagee has undisputedly defaulted.  The only cloud on the title of the Popes' property is a cloud of their own making: they did not make the payments due under their mortgage and as a result, they lost their property through foreclosure.").

For all of these reasons, defendants' motion to dismiss plaintiffs' slander of title claim should be granted.[5]

###   C.   Declaratory Judgment

A declaratory judgment is a remedy, not a cause of action.  See, e.g., Onvoy, Inc. v. ALLETE, Inc., 736 N.W.2d 611, 617-618 (Minn. 2007) (a declaratory judgment action may be maintained only where there is a justiciable controversy); Buck v. American Airlines, Inc., 476 F.3d 29, 33 n.3 (1st Cir. 2007) (noting that the Declaratory Judgment Act, 28 U.S.C. § 2201 "creates a remedy, not a cause of action").  In light of the Court's conclusion that plaintiffs' substantive claims must be dismissed under Rule 12(b)(6), "[they are] left with a remedy in search of right."  Scanlon v. Northwest Mortg., Inc., Civ.

---

[5]   The Court notes that a slander of tile claim is subject to the heightened pleading standard of Fed. R. Civ. P. 9(b).  See Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1032 (8th Cir. 2012) (Rule 9(b) applies to slander of title claims); see also Ko, 2013 WL 3088728, at *4; Pope, 2013 WL 2251001, at *4; Haubrich, 2012 WL 3612023, at *6.  Defendants did not argue in favor of dismissal based on plaintiff's failure to meet this standard.  Suffice it to say, however, having failed to plead any facts to support a slander of title claim, the claim also fails to meet the Rule 9(b) standard.  Therefore, the Court recommends dismissal of the suit with prejudice.

No. 11-3128 (MJD/TNL), 2012 WL 2885131, at *7 (D. Minn. July 13, 2012); see also Lara, 2013 WL 3088728, at *3 (finding that where plaintiff had failed to state a substantive claim, the Amended Complaint also failed to state a claim for declaratory judgment) (citing Weavewood, Inc. v. S & P Home Invs., LLC, 821 N.W.2d 576, [579] (Minn. 2012) ("A declaratory judgment is a procedural device through which a party's existing legal rights may be vindicated so long as a justiciable controversy exists.")).

Plaintiffs' claim for declaratory judgment must be dismissed because there is no legal basis for affording the remedy.

For all of these reasons, defendants' motion to dismiss should be granted in its entirety and plaintiffs' suit should be dismissed with prejudice.[6]

## IV.   RECOMMENDATION

For the reasons set forth above, it is recommended that:

---

[6]   "Ordinarily dismissal of a [pleading] for failure to comply with Rule 8 should be with leave to amend." Michaelis v. Neb. State Bar Ass'n., 717 F.2d 437, 438-39 (8th Cir. 1983).   Nonetheless, when a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate.   That is the case here.   See McLean v. United States, 566 F.3d 391, 400 (4th Cir. 2009) ("to the extent . . . that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating [a] dismissal to be without prejudice.   Courts, including this one, have held that when a complaint is incurable through amendment, dismissal is properly rendered with prejudice and without leave to amend."); McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc., 339 F.3d 1087, 1096 (9th Cir. 2003) (dismissal with prejudice is appropriate where "deficiencies in [plaintiff's] claims cannot be cured by amendment"); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (a pro se litigant should be given chance to amend complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."); Ikechi v. Verizon Wireless, Civ. No. 10-4554 (JNE/SER), 2011 WL 2118797, at *5, n. 6 (D. Minn. April 7, 2011) (recommending dismissal with prejudice of plaintiff's fraud claims because it was unlikely that plaintiff could cure the defective pleading on re-pleading), 2011 WL 2118791, *3 (D. Minn. May 25, 2011) (adopting the Report and Recommendation of Magistrate Judge Rau regarding dismissal of plaintiff's fraud claims for failure to satisfy the particularity requirement of Rule 9(b)).

1.      Defendants' Motion to Dismiss [Docket No. 6] be **GRANTED**.

2.      This matter be dismissed with prejudice.


Dated:      May 20, 2014

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


**<u>NOTICE</u>**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 9, 2014**,[7] a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rules shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[7]      The Court has allowed extra time for plaintiff to file their objections to this Report and Recommendation, as they are currently unrepresented by counsel.